

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| James M. Leatherwood, | |
| Plaintiff, | Case No. 4:03-cv-00313-Y<br>The Honorable Terry R. Means |
| v. | |
| Defense Procurement Manufacturing Services, Inc., and Randy Luth, Individually, | |
| Defendants. | |

**DEFENDANTS DEFENSE PROCUREMENT MANUFACTURING SERVICES, INC. AND RANDY LUTH'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS DAMAGE CLAIMS UNDER FED. R. CIV. P. 37(d), OR, ALTERNATIVELY, MOTION TO COMPEL**

## I. INTRODUCTION

Defendants DPMS[1] and Randy Luth ("Luth") (collectively, "Defendants") bring this motion under FED. R. CIV. P. 37(d) based on Plaintiff James M. Leatherwood's failure to serve written responses to Defendants' First and Second Sets of Requests for Production of Documents and Things. Plaintiff has promised, under oath, that he would serve written responses to Defendants' requests and produce documents responsive to those requests. Instead of doing so, Plaintiff has continuously failed to produce all relevant documents and has refused to serve his required responses, even after acknowledging that he would do so and that Defendants' requests were reasonable. Based on these facts, Defendants respectfully request that Plaintiff's damage claims be dismissed with prejudice. Alternatively, Defendants ask that Plaintiff be compelled to serve his written responses and produce the promised documents within seven (7) days after the

---

[1] "DPMS" is short for Defendant Defense Procurement Manufacturing Services, Inc.

date of this Court's Order. In either event, Defendants ask the Court to award them reasonable expenses and attorneys' fees related to Plaintiff's aforementioned failures.

## II. FACTUAL BACKGROUND

Plaintiff brought this lawsuit based on Defendants' allegedly wrongful use of the name LEATHERWOOD in conjunction with the sale of riflescopes. Since near the beginning of this case, Defendants have discontinued all use of the name LEATHERWOOD.[2] Defendants have even stated that they would consent to a permanent injunction prohibiting them from using the LEATHERWOOD name, which they are not using now anyway.[3] Defendants have offered in good faith to settle this dispute with Plaintiff, but Plaintiff has each time refused Defendants' offers, claiming that he is owed millions of dollars for Defendants' past use of the LEATHERWOOD name.[4]

In conjunction with defending themselves against Plaintiff's allegations, Defendants' served First and Second Sets of Requests for Production of Documents and Things. The first set was served on April 28, 2004, with Plaintiff's written responses due on June 1, 2004.[5] Defendants' requests sought documents and things relevant to Plaintiff's various claims for damages, lost profits, damaged reputation, and lost sales, including copies of licensing and sales agreements between Plaintiff and third party companies concerning LEATHERWOOD scopes, sales and marketing documents, and documents evidencing the compensation paid to Plaintiff by third party companies related to scopes sold using the LEATHERWOOD mark.[6] Given that Plaintiff is proceeding *pro se*, some of Defendants' document requests were very specific as to what type of documents they are seeking, so that Plaintiff might better ascertain what the

---

[2] See Court Docket Entry No. 29, pp. 11-12 and Court Docket Entry No. 33, pp. 147-48.
[3] See Court Docket Entry No. 29, p. 12, ¶ 48.
[4] See, e.g., Court Docket Entry No. 62, pp. 9-10; Ex. A, Plaintiff's Answer to Interrogatory No. 16.
[5] Defendants' Appendix (dated August 5, 2004), p. 26, Ex. A.
[6] See, e.g., Defendants' Appendix, pp. 5-25, Ex. A.

Defendants wanted.[7] Other requests were more subject-specific, oftentimes parroting or tracking language from Plaintiff's allegations, in an effort to discover documents that might serve as a basis for Plaintiff's damage claims.[8]

The second set of requests was served on June 14, 2004, with Plaintiff's written responses due on July 19, 2004.[9] Upon receipt of the requests, on June 15, 2004, Plaintiff sent Defendants' counsel a letter stating that "[y]our second request seem reasonable [sic] will be answered as soon as possible."[10] To date, Plaintiff has not served written responses to either set of Defendants' requests, despite repeated demands for them by Defendants.[11]

After they did not receive any written responses to their document requests, Defendants' counsel repeatedly informed Plaintiff of the Federal Rules which he violated by his non-responsiveness and demanded the documents and responses immediately.[12] While Plaintiff generally complained about the allegedly "burdensome, harassing, and overly broad" nature of Defendants' first set of document requests,[13] he also stated that he was "making an extreme effort to get all of the documents that are necessary to properly inform you of my position and answer your requests."[14] Nonetheless, over two (2) months later, Plaintiff still has not served written responses to Defendants' First or Second Set of Requests for Production of Documents and Things and has produced only one page of documentation concerning sales, licensing income, or other profits paid to Plaintiff related to the LEATHERWOOD name or his damage claims.[15]

---

[7] See, e.g., Defendants' Appendix, pp. 14-16, Ex. A, pp. 10-12.
[8] See, e.g., Defendants' Appendix, pp. 21-22, Ex. A, pp. 17-18.
[9] Defendants' Appendix, p. 32, Ex. B.
[10] Defendants' Appendix, p. 33, Ex. C.
[11] Defendants' Appendix, p. 4, ¶ 22.
[12] Defendants' Appendix, pp. 35-40, Exs. D, E, F, and G.
[13] See, e.g. Defendants' Appendix, pp. 41 and 45, Exs. H and I.
[14] Defendants' Appendix, p. 41, Ex. H.
[15] Defendants' Appendix, p. 4, ¶¶ 22-24.

On June 18, 2004, Plaintiff did produce what he has called the "over 12 lbs of documents" that he claims were produced "in an attempt to comply" with Defendants' document requests.[16] However, these documents were almost entirely made up of copies of the pleadings, summary judgment motions and briefs, and exhibits already then filed with the Court and served on Defendants in this case.[17] The few other documents produced by Plaintiff were already produced in the previous Minnesota lawsuit and have nothing to do with Plaintiff's present claims for damages.[18] Again, Defendants attempted to educate Plaintiff of his obligation to serve written responses pursuant to Rule 34(b) to no avail.[19]

In a good faith effort to focus the scope of their document requests, during Plaintiff's June 24, 2004 deposition, Defendants' counsel asked Plaintiff to produce specific documents that are relevant to Plaintiff's various claims for damages, lost profits, damaged reputation, and lost sales allegedly caused by Defendants.[20] On numerous occasions during the deposition, Plaintiff stated that he would look for the documents he referenced in his deposition answers and produce them to Defendants' counsel.[21] Since June 24, 2004, Plaintiff has not produced a single page of documentation to Defendants, despite stating under oath that he would do so and Defendants' repeated demands.[22]

While under oath during his deposition on June 24th, Plaintiff also stated that he would serve his written responses to Defendants' First Set of Requests for Production of Documents and Things within a week of receiving the transcript of the deposition, which was sent to him on

---

[16] Court Docket Entry No. 58, p. 6 and Defendants' Appendix, p. 46, Ex. J and pp. 2-3, ¶ 11.
[17] Court Docket Entry No. 62, p. 2, ¶ 10 and Defendants' Appendix, pp. 2-3, ¶ 11.
[18] Defendants' Appendix, pp. 2-3, ¶ 11.
[19] See, e.g., Defendants' Appendix, pp. 47-49, Ex. K.
[20] Defendants' Appendix, pp. 57-59, 62-67, 71-75, 78-84, 86-87, 91-93, 96, 99, 101, 104-107, Ex. L, pp. 18, 20-22, 26-29, 38, 44-45, 49-50, 55, 60, 74, 78-79, 85-86, 91-92, 104-109, 111-113, 116-118, 124-126, 135-136, 138-139, 141, 154-158, 162, 165, 175-176, 189, 194-195, 206-207, 209-210, 213-214, and 216-218.
[21] See Footnote 20.
[22] See Defendants' Appendix, pp. 108-112, Exs. M, N, and O; Defendants' Appendix, p. 4, ¶¶ 23-24.

July 6, 2004.[23] As has been stated previously, Defendants still have not received Plaintiff's written responses. Defendants' continual demands for Plaintiff's written responses and production of documents have been to no avail. Plaintiff's refusal has prevented Defendants from being able to defend themselves against Plaintiff's liability and damage theories and thoroughly prepare an expert report on damages. Therefore, Defendants now bring this Motion to Dismiss Plaintiff's damage claims based on his refusal to comply with the Federal Rules of Civil Procedure.

### III. ARGUMENT

**A. PLAINTIFF'S REFUSAL TO SERVE WRITTEN RESPONSES WARRANTS THE DISMISSAL OF HIS DAMAGE CLAIMS.**

Under Rule 34(b), "[t]he party upon whom the [document] request is served shall serve a written response within 30 days after the service of the request." FED. R. CIV. P. 34(b). The Rule goes onto require that:

> The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objections shall be stated. If the objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

Id. To date, Plaintiff has not served written responses to either of Defendants' first and second sets of document requests.[24]

By his failure to serve written responses to Defendants' document requests or produce promised documents, Plaintiff has violated Rule 37(d). His violation subjects him to sanctions. Rule 37(d)(3) of the Federal Rules of Civil Procedure states in pertinent part:

---

[23] Defendants' Appendix, pp. 106-107, Ex. L, pp. 217-218 and Defendants' Appendix, pp. 108-109, Ex. M.
[24] General complaints about discovery requests being allegedly "burdensome" or "harassing" are not legitimate objections, even if Plaintiff had served a written response. See, e.g., Ritacca v. Abbott Laboratories, 203 F.R.D. 332, 335 n.4 (N.D. Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper.").

> If a party ... fails ... to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

FED. R. CIV. P. 37(d)(3). Rule 37(d) comes into play when a request under Rule 34 has been properly served; no specific court order is required. See Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981). One of the sanctions authorized by Rule 37(d)(3) and (b)(2)(C) is that the court may dismiss an action, or any part thereof, with prejudice when a plaintiff fails to provide written responses to a request for production. See Taylor v. Lavergne, 1999 WL 179346, *1 (E.D. La. Mar. 31, 1999)[25] ("Rule 37(d) permits the district court to dismiss an action when a party fails to answer interrogatories or provide responses to a request for production."); Carter v. Aramco Services Co., 1988 WL 38796, *3 (S.D. Tex. Apr. 15, 1988)[26] ("Rule 37(d) provides for the imposition of sanctions, including dismissal, for a party's failure to serve answers or objections to interrogatories. Violation of a court order is not required for sanctions under Rule 37(d)."); FED. R. CIV. P. 37(d)(3) and (b)(2)(C). "The decision to dismiss is committed to the sound discretion of the trial court, and court's decision will be reviewed only for abuse of discretion." Carter at *3 (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976)).

The dismissal of a plaintiff's case as a sanction under Rule 37(d) is proper when the plaintiff has repeatedly refused to comply and has demonstrated a bad faith refusal to comply. See Griffi v. Aluminum Co. of America, 564 F.2d 1171, 1172 (5th Cir. 1977); Brookdale Mill, Inc. v. Rowley, 218 F.2d 728, 729 (6th Cir. 1954) (affirming dismissal of plaintiff's action due to the plaintiff's failure to answer interrogatories); Granger v. Williams, 112 F.R.D. 222, 222-223

---

[25] Defendants' Appendix, p. 123, Ex. Q.
[26] Defendants' Appendix, pp. 126-127, Ex. R.

(E.D. Mich. 1986) (plaintiff's case dismissed with prejudice based on plaintiff's refusal to provide the defendant with necessary discovery information). Rule 37(d) also authorizes the Court to enter, as a lesser sanction than total dismissal, "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." FED. R. CIV. P. 37(d)(3) and (b)(2)(B). Also, unless Plaintiff's failure was justified, "the court shall require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(d).

Here, Plaintiff has refused, despite repeated requests, to serve written responses to Defendants' document requests. Plaintiff has also failed to produce all relevant documents, particularly those related to damages, even after agreeing under oath to do so. Plaintiff cannot plead ignorance of the law for an excuse as to why he has not served written responses, because Defendants have repeatedly informed him of his obligation to respond and have cited the Federal Rules which apply.[27] Plaintiff has responded to other forms of discovery, like interrogatories, but yet continually refuses to serve his written responses per Rule 34(b).[28] Thus, Plaintiff's failure to serve written responses can be seen only as a willful refusal to comply with the Federal Rules.

> In affirming the dismissal of a plaintiff's case with prejudice, the Sixth Circuit stated:
>
> [A]lthough fully informed and aware of [its] obligation to file answers to [defendants'] interrogatories and of the penalty for their failure to do so, [plaintiff] had willfully failed within the prescribed time to answer or object to such interrogatories. ... [Plaintiff's] omission to file answers to the interrogatories ... constituted knowing and intentional failure to comply with Rule 37(d) of the Federal Rules of Civil Procedure, and ... the District Court did not abuse its discretion in dismissing the action[].

---

[27] See, e.g., Defendants' Appendix, pp. 35-37, 39, 47-49, Exs. D, E, G, and K.
[28] See Defendants' Appendix, pp. 113-122, Ex. P.

Brookdale Mill, 218 F.2d at 729. As shown above, Plaintiff has certainly known of the Federal Rules that require that he respond and his obligation to produce documents as requested. Plaintiff's failure to serve his written responses despite Defendants' numerous requests illustrates the willful and bad faith nature of Plaintiff's refusal to comply with the Federal Rules. Cf. Hubble v. American River Transportation Co., 2002 WL 927782, *2 (E.D. La. May 7, 2002)[29] (dismissing case with prejudice for failure of plaintiff to appear for a deposition stating "plaintiff was well aware of the dates of her deposition and her failure to appear was of her own volition").

Plaintiff has even refused to serve written responses after he swore under oath during his deposition that his responses to Defendants' first set of requests would be forthcoming within a week after receiving a copy of the deposition transcript. Plaintiff also stated in writing that Defendants' second set of requests was "reasonable" and would "be answered as soon as possible." Despite his assurances that he would comply with the Federal Rules, Plaintiff now willfully refuses to do so. Plaintiff's behavior warrants the sanction of dismissal of his damage claims, particularly because Plaintiff's failure prejudices Defendants' ability to defend themselves against his damage claims by way of a thorough expert report on damages.

In Smith v. Hertz Equipment Rental, 2002 WL 22062 (N.D. Tex. Jan. 4, 2002),[30] the *pro se* plaintiff repeatedly refused to produce documents and serve written responses as required by Rule 34(b). Id. at *2-5. After the defendant's repeated attempts to get the plaintiff to comply with the Federal Rules failed, the defendant brought a motion to dismiss the plaintiff's case, which was granted by the court. In dismissing the plaintiff's case with prejudice, the court stated:

> [B]ecause [the plaintiff] is proceeding *pro se*, he is solely responsible for his conduct. ... [The plaintiff's] bad faith conduct has caused substantial prejudice to

---

[29] Defendants' Appendix, p. 129, Ex. S.
[30] Defendants' Appendix, pp. 130-133, Ex. T.

> [the defendant]. After seven months of litigation, [the defendant] has only scant information on the basis for this suit. The deadlines for joining parties and designating experts witnesses have passed and [the defendant] has no information with which to make an informed decision on these important issues. Additionally, [the defendant] has expended considerable funds and time in an effort to force [the plaintiff's] compliance with basic obligations, all to no avail.

Id. at *4-5. The court also characterized the *pro se* plaintiff's conduct as "bad faith" as it "delay[ed] or disrupt[ed] the litigation." Id. at *4 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991)). Similarly in this case, the time for joining parties and disclosing experts has passed and still Plaintiff has yet to produce any documents, other than a conclusory line graph, related to alleged lost sales, lost licensing income, and damage to reputation that might serve as the basis for Plaintiff's damage claims. Plaintiff's failure also prevents Defendants from preparing their expert report on damages. Moreover, Defendants have expended considerable money and time in an effort to force Plaintiff's compliance with the basic obligations of the Federal Rules, but to no avail. Like in the Smith case discussed above, Plaintiff's conduct warrants the sanction of dismissal,[31] particularly since Defendants are no longer using the LEATHERWOOD name and are willing to consent to an injunction.

**B. ALTERNATIVELY, PLAINTIFF SHOULD BE COMPELLED TO SERVE HIS WRITTEN RESPONSES AND PRODUCE THE PROMISED DOCUMENTS.**

Should the Court not dismiss Plaintiff's damage claims, Defendants ask that the Court instead order Plaintiff to serve his written responses to Defendants' First and Second Sets of Requests for Production of Documents and Things and the remaining responsive documents concerning those requests, particularly those concerning Plaintiff's alleged damages, within seven (7) days after the date of the Court's Order. See FED. R. CIV. P. 34(b) and (d); Smith, at *2 (granting motion to compel with similar facts).

---

[31] Dismissal of Plaintiff's damage claims has the same effect as refusing to allow Plaintiff to support his damage claims, a lesser sanction. See FED. R. CIV. P. 37(d)(3) and (b)(2)(B).

## IV. CONCLUSION

Plaintiff has willfully refused to comply with Rule 34 and serve written responses to Defendants' document requests, even after promising under oath that he would do so. Plaintiff has also refused to produce relevant, responsive documents, which has thwarted Defendants' attempts to defend themselves against Plaintiff's damage claims. Plaintiff's willful disregard of the Federal Rules has been in bad faith and warrants the dismissal of his damage claims with prejudice. Alternatively, Plaintiff should be compelled to serve his written responses and produce the promised documents within seven (7) days of the Court's Order. In either case, Defendants also ask that the Court award them expenses and reasonable attorneys' fees related to Plaintiff's failure. Accordingly, Defendants respectfully request, pursuant to FED. R. CIV. P. 37(d), that this Court grant the present motion.

Respectfully submitted,

**ATTORNEYS FOR DEFENDANTS**

Dated: August 5, 2004

By: /s/ Eric H. Chadwick
Randall T. Skaar *Pro Hac Vice*
Eric H. Chadwick *Pro Hac Vice*
**PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.**
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

Grant Liser (TX # 12415000)
**BROWN, HERMAN, DEAN,
WISEMAN, LISER & HART,
L.L.P.**
306 West 7th Street, Suite 200
Fort Worth, TX 76102
Telephone: (817) 332-1391
Facsimile: (817) 870-2427

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Brief in Support of their Motion to Dismiss Damage Claims under FED. R. CIV. P. 37(d) or, Alternatively, Motion to Compel has been served via certified mail, return receipt requested, on this 5th day of August, 2004 to the following:

**James M. Leatherwood**
**Box 140**
**Lingleville, TX  76461**

_____
Dainia S. Velishek