

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| James M. Leatherwood, | |
| Plaintiff, | Case No. 4:03-cv-00313-Y |
| v. | The Honorable Terry R. Means |
| Defense Procurement Manufacturing Services, Inc., and Randy Luth, Individually, | |
| Defendants. | |

### DEFENDANTS DEFENSE PROCUREMENT MANUFACTURING SERVICES, INC. AND RANDY LUTH'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO EXTEND THE DISCOVERY DEADLINE

In his response to Defendants' Motion to Extend the Discovery Deadline, Plaintiff again accuses Defendants of various "harassing" and "coercive" discovery tactics. However, Plaintiff does not dispute the fact that Defendants still have not received documents from Plaintiff which relate to or support his claims for damages, lost profits, damaged reputation, and lost sales allegedly caused by Defendants, despite their requesting of such documents over three (3) months ago.

Plaintiff himself has failed to identify any documents, other than an unsupported line graph, which even arguably support his damage claims, even though he testified during his deposition that he currently possessed such documents. Plaintiff has been ever careful not to say he does not have the documents that support his damage claims, only that he does not have to give them to Defendants yet. Plaintiff's withholding of discoverable information without

justification, while at the same time accusing Defendants of "harassing" discovery tactics, demonstrates why Defendants have had to seek this extension of the discovery deadline.

With mediation rapidly approaching, Defendants still have yet to receive documents from Plaintiff related to his damage claims. Suggesting that Defendants should simply be patient, Plaintiff argues that "[u]nder Rule 26 the Plaintiff must share any information that he plans to use at trial with the Defendant." [Plaintiff's Response Brief, p. 1.] However, Rule 26 does not authorize Plaintiff to wait until after the close of discovery or the eve of trial to only then produce the evidence relevant to his case. See FED. R. CIV. P. 26(a), (e) and 37(c), (d); American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (stating that the purpose of Rules 26 and 37 is to avoid "surprise" and "trial by ambush"). If that were the case, the 30-day response requirements of Rules 33, 34, and 36 would have no meaning. Certainly, Defendants are entitled to receive discoverable information from Plaintiff and his current and past licensees and distributors during discovery, particularly since the parties agreed at the beginning of this case not to serve Rule 26 initial disclosures given Plaintiff's *pro se* status.

Defendants admit that they have been trying to obtain documents and potential deposition dates from the subpoenaed third parties, as Defendants are trying to complete discovery in a timely manner and before mediation in September. Plaintiff asserts that this is wrongful conduct. According to Plaintiff's logic then, as the discovery deadline of August 1, 2004 has expired and Plaintiff has yet to produce documents and written responses within the discovery period, Plaintiff should be precluded from now offering any documents or witnesses at trial not already produced or identified. See W.G. Pettigrew Distributing Co. v. Borden, Inc., 976 F. Supp. 1043, 1051-52 (S.D. Tex. 1996) ("Claims or facts that should have been reveal[ed] during discovery, and are later raised ... , are clearly inappropriate."); Salgado v. General Motors Corp., 150 F.3d

735, 742 (7th Cir. 1998) (Rule 37's preclusionary sanction is "automatic" absent a determination of either "substantial justification" or "harmlessness"); FED. R. CIV. P. 26 and 37. This would preclude Plaintiff from supporting his damages claims and serves as yet another reason to dismiss Plaintiff's damage claims. [See also Court Docket Entry Nos. 67 and 74.] Thus, if the Court denies this motion, Defendants merely ask that the preclusion of further discovery and disclosure be two-way.

Finally, Plaintiff chastises Defendants for not agreeing to a discovery extension proposed by Plaintiff earlier in the case. As an initial matter, Defendants never opposed Plaintiff's motion for the first extension. Defendants were ambivalent to a discovery extension at that time because Plaintiff had not yet refused to serve written responses to document requests or failed to produce discoverable information. Once these facts came to light, however, Defendants quickly explored third-party discovery and a short discovery extension that would not affect any of the other case deadlines.

Defendants have shown "good cause" for the short, 31-day extension of discovery deadline so that they can discover from third parties that which Plaintiff has not produced to date. Based on his submissions to the Court, it appears that Plaintiff has no plans to comply with the discovery rules any time soon. Therefore, Defendants respectfully request, pursuant to FED. R. CIV. P. 6(b)(1) and 16(b), that their limited extension of the discovery deadline be granted.

Respectfully submitted,

**ATTORNEYS FOR DEFENDANTS**

Dated: August 19, 2004

By: *Eric H. Chadwick* (signature)
Randall T. Skaar *Pro Hac Vice*
Eric H. Chadwick *Pro Hac Vice*
**PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.**
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

Grant Liser (TX # 12415000)
**BROWN, HERMAN, DEAN, WISEMAN, LISER & HART, L.L.P.**
306 West 7th Street, Suite 200
Fort Worth, TX 76102
Telephone: (817) 332-1391
Facsimile: (817) 870-2427

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Reply Brief in Support of their Motion to Extend the Discovery Deadline has been served via certified mail, return receipt requested, on this 19th day of August, 2004 to the following:

**James M. Leatherwood**
Box 140
Lingleville, TX 76461

*Dainia S. Velishek* (signature)
Dainia S. Velishek

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

James M. Leatherwood,

                    Plaintiff,

v.

Defense Procurement Manufacturing
Services, Inc., and Randy Luth,

                    Defendants.

Case No. 4:03-cv-00313-Y
The Honorable Terry R. Means

**CERTIFICATE OF SERVICE**

Dainia Velishek certifies that on the 19th day of August 2004, copies of:

1. Defendants Defense Procurement Manufacturing Services, Inc. and Randy Luth's Reply Brief in Support of Their Motion to Extend the Discovery Deadline; and
2. Certificate of Service,

were served upon the below-named as follows:

**Via Certified Mail – Return Receipt Requested**
**#7001 2510 0009 4218 3285**
James M. Leatherwood
Box 140
Lingleville, TX 76461

                                              *Dainia Velishek*
                                              Dainia Velishek

Subscribed and sworn to before me
this 19th day of August 2004.

*Mary J Schuler*
Notary Public



MARY J SCHULER
Notary Public
Minnesota
My Commission Expires January 31, 2005